**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000567
30-MAY-2024
07:47 AM
Dkt. 92 SO**

NO. CAAP-19-0000567

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


HOWARD R. GREEN, Appellant-Appellant, v.
ZONING BOARD OF APPEALS, CITY AND COUNTY OF HONOLULU;
DIRECTOR OF PLANNING AND PERMITTING, CITY AND COUNTY
OF HONOLULU; INTERVENOR KANEOHE YACHT CLUB,
Appellees-Appellees,
and
DOES 1-10, Respondents

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 1CC18-1-1144)


SUMMARY DISPOSITION ORDER
(By: Wadsworth, Presiding Judge, and McCullen and Guidry, JJ.)

In January 2015, Appellant-Appellant Howard R. Green (**Green**) submitted a petition to Appellee-Appellee Director (the **Director**) of the Department of Planning and Permitting (**DPP**), City and County of Honolulu, requesting a declaratory ruling as to whether Appellee-Appellee Kaneohe Yacht Club's (**KYC**) boat "haul-out" activities were permitted as a nonconforming use under the former Comprehensive Zoning Code (**CZC**) and the later-enacted Land Use Ordinance (**LUO**) of the City and County of Honolulu. In a declaratory ruling issued in 2015 and amended in 2017, the Director concluded, among other things, that KYC's operations as a yacht club were authorized under a 1955 zoning use variance (the **1955 Variance**) and were thus <u>not</u> a nonconforming use, and KYC's haul-out activities were a permissible accessory use under the 1955 Variance.

Green appealed to Appellee-Appellee Zoning Board of Appeals (**ZBA**), City and County of Honolulu. Following a contested case hearing, the ZBA affirmed the Director's amended declaratory ruling. Green then appealed the ZBA's decision to the Circuit Court of the First Circuit (**Circuit Court**).[1/] After further briefing and a hearing, the Circuit Court affirmed the ZBA's decision.

Green appeals from the July 23, 2019 Final Judgment, entered in favor of the ZBA, the Director, and KYC by the Circuit Court. Green also challenges the Circuit Court's April 22, 2019 Order Affirming Zoning Board of Appeals.

On appeal, Green contends that the Circuit Court and the ZBA erred in affirming the Director's conclusions that: (1) the 1955 Variance "exempts" KYC's "large boat haul-out and hull-resurfacing operation begun in 1980" from compliance with the LUO; and (2) KYC's "large boat haul-out and hull-resurfacing operation" is a permissible accessory use under the 1955 Variance. Green also contends that the Circuit Court erred in concluding that the 1955 Variance permitted "a reasonable level of haul out operations."[2/]

In this secondary appeal, we apply the standards of HRS § 91-14(g)[3/] to determine whether the Circuit Court's decision was

---

[1/]     The Honorable Jeffrey P. Crabtree presided.

[2/]     Green's points of error are difficult to discern. They are restated and condensed for clarity.

[3/]     HRS § 91-14(g) (Supp. 2016) provides in relevant part:

>      Upon review of the record, the court may affirm the decision of the agency or remand the case with instructions for further proceedings; or it may reverse or modify the decision and order if the substantial rights of the petitioners may have been prejudiced because the administrative findings, conclusions, decisions, or orders are:
>
>           (1)     In violation of constitutional or statutory provisions;
>
>           (2)     In excess of the statutory authority or jurisdiction of the agency;
>
>           (3)     Made upon unlawful procedure;

(continued...)

2

right or wrong. Save Diamond Head Waters LLC. v. Hans Hedemann Surf, Inc., 121 Hawaiʻi 16, 24, 211 P.3d 74, 82 (2009).

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve Green's contentions as follows, and affirm.

(1) Green contends that the Circuit Court and the ZBA erred in affirming the Director's declaratory ruling, because "[a] 1955 Variance granted for the purpose of building a clubhouse does not exempt KYC's non-conforming large boat haul-out hull-resurfacing operation begun in 1980 in a R-10 Residential District from compliance with" various provisions of the LUO, the former CZC, and the Revised Charter of Honolulu. Relatedly, Green argues that "[t]he Director erroneously employed an expansive interpretation of the scope and reach of KYC's limited 1955 Variance to excuse a non[-]conforming use that began in 1980, 25 years after the Variance was granted . . . ." Thus, Green appears to challenge the conclusion of the Director, affirmed by the ZBA and the Circuit Court, that KYC's yacht club use and related haul-out activities are permitted under the 1955 Variance and are therefore not a nonconforming use.

We first note that Green has not challenged any specific findings of fact (**FOFs**) in the ZBA's June 21, 2018 Findings of Fact, Conclusion of Law, and Decision and Order. The FOFs are therefore binding on appeal. See Poe v. Haw. Labor Rels. Bd., 97 Hawaiʻi 528, 536, 40 P.3d 930, 938 (2002) (ruling that an agency's unchallenged findings are binding on appeal). Based on these FOFs, the ZBA reached the following relevant conclusions of law (**COLs**):

---

[3]/ (...continued)
    (4)   Affected by other error of law;

    (5)   Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or

    (6)   Arbitrary, or capricious, or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

7.    The Director did not make an erroneous finding of material fact, or act arbitrarily or capriciously, or commit a manifest abuse of discretion in concluding that KYC's yacht club use is a variance use authorized by the 1955 variance and not a nonconforming use.

8.    The 1955 Variance was issued under the City's 1942 zoning code.  Both the [CZC] and the [LUO] provide that "[a]pplications previously approved other than by an ordinance shall continue to be approved."  2017 Declaratory Ruling at 18; See CZC § 21-l.5(b) and LUO § 21-2.20(f).

9.    A variance use is separate and distinct from a nonconforming use.

10.    A nonconforming use is an existing lawful use that becomes unlawful due to a subsequent amendment to the zoning code or zoning map.  LUO § 21-10.1.

11.    A variance use is a use not allowed by the zoning code but permitted as an exception to the code if certain criteria are met.  See Rev. Charter of Hon. § 6-1517 (stating a variance may be granted if three criteria are met: (1) applicant deprived of reasonable use of land; (2) unique circumstance; and (3) will not alter character of neighborhood nor be contrary to the intent and purpose of the zoning ordinance).

12.    Under the 1942 zoning code, KYC's operations were not permitted in the area where it operates until KYC sought and received the 1955 variance.

13.    The Director's interpretation of the scope of the 1955 variance is supported by the record and entitled to deference.

In reviewing the conclusions of the Director and the ZBA, the Circuit Court ruled in part:  "On the issue whether KYC's operations are governed by the 1955 variance, or by the law pertaining to nonconforming uses, the court sees no error.  The court agrees with DPP's and ZBA's analysis that because of the timeline of events, the variance controls, rather than the application of a nonconforming use."

We, too, agree there was no error in the conclusion that KYC's operations as a yacht club are a variance use authorized by the 1955 Variance and not a nonconforming use. See, e.g., LUO § 21-10.1; Rev. Charter of Hon. § 6-1517[4]; see

---

[4]    When the 1955 Variance was issued, the 1942 Revised Ordinances of Honolulu in effect at that time permitted the city planning commission to issue a variance from zoning regulations "upon such terms and conditions and for such a period of time as the facts may warrant[,]" and "upon a finding by the commission . . . that the application presents a situation wherein strict enforcement of the existing regulation would involve practical difficulty or unnecessary hardship and further, that desirable relief may be granted without substantially detracting from the intent and purpose of the zoning

(continued...)

4

also Waikiki Marketplace Inv. Co. v. Chair of Zoning Bd. of Appeals of City & Cnty. of Honolulu, 86 Haw. 343, 353, 949 P.2d 183, 193 (App. 1997) (quoting definition of "nonconforming use" in former LUO § 21-9.1, and concluding that "for purposes of determining whether a structure was grandfathered in as a 'previously lawful' nonconforming structure under the LUO, the lawfulness of the structure should be measured by reference to the zoning code or ordinance in existence at the time the structure was built."). The ZBA's legal conclusions are not wrong, and to the extent COL 7 presents mixed issues of fact and law, Green has not shown that the ZBA's conclusion (or the Director's underlying conclusion) was clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record.

(2) Green contends that the Circuit Court and the ZBA erred in affirming the Director's conclusion that KYC's haul-out activities are a permissible accessory use under the 1955 Variance. In particular, Green argues that KYC's haul-out activities do not meet the definition of "accessory use" under LUO § 21-10.1 because the activities are not "clearly incidental to and customarily found in connection with the principal use." Green further argues that "[t]here is no evidence in the Record of any other private yacht club located in an R-10 Residential District in the State of Hawaii that conducts a large boat haul-out hull-resurfacing operation."

The ZBA made the following FOFs related to the accessory use issue, none of which Green has specifically challenged on appeal:

> 10. Historical records show that KYC has provided haul out operations to its members from the time it opened at the present location in 1955 or 1956. Director's Exhibit D-11 at 18; KYC Exhibit B.
>
> 11. Appellant's Request for Declaratory Ruling, filed January 30, 2015, states that prior to 1980, KYC members' boats were "hauled, cleaned, sanded, repaired and

---

<sup>4/</sup> (...continued)
regulations." Revised Ordinances of Honolulu 1942 § 112; see also id. § 113 (permitting variances in restricted residential districts "provided this can be done in such a way as to grant relief and at the same time protect the public interest and general welfare").

painted" in KYC's parking/storage spaces. Director's Exhibit D-11 at 33.

12. KYC has always had significant club and marina structures and facilities, including docks, wet and dry stored areas, a boat hoist and haul out areas for onshore boat maintenance and repairs. Id.

13. In the 1980's, KYC changed its haul out operations, increasing the size of boats that could be hauled out to 12,000 - 20,000 pounds with the use of a crane, and limiting the haul out to several months of the racing off-season. Testimony of Howard Green.

14. KYC's current haul out operations include cleaning, sanding, painting, repairing and related activities.

. . . .

25. Wet stored boats eventually need to be hauled out to maintain the under-water portion of the boats, and the type of maintenance activities do not differ based on the size of the boat. Testimony of Ned Murphy.

26. Similar to KYC, Waikiki Yacht Club also conducts haul out operations, which includes pulling out wet and dry sail boats and dry-stored boats with a hoist and performing maintenance in the location of the hoist. Testimony of Ned Murphy; Testimony of Mike Rothwell.

27. Waikiki Yacht Club also allows sanding and painting the bottom of boats. Id.

28. The Director identified other yacht clubs as well that allow Haul Out and maintenance activities. Director's Exhibit D-11 at 15.

Based on these FOFs, the ZBA reached the following COLs on the accessory use issue:

14. The Director did not make an erroneous finding of material fact, or act arbitrarily or capriciously, or commit a manifest abuse of discretion in concluding that KYC's haul out activities are an accessory use to the principal use of a "private yacht club."

15. The 1942 zoning code does not expressly address accessory uses; however accessory uses are implied as a matter of law when they are subordinate to and customarily associated with the principal use. The Director correctly found that KYC's Haul Out operations meet this criteria.

16. Similarly, LUO § 21-10.1 defines an "accessory use" as a use which meets the following conditions:

 (1) Is a use which is conducted on the same zoning lot as the principal use to which it is related . . .;
 (2) Is clearly incidental to and customarily found in connection with the principal use; and
 (3) Is operated and maintained substantially for the benefit or convenience of the owners, occupants, employees, customers or

6

visitors of the zoning lot with the principal use.

17.  KYC's haul out activities are conducted on the same zoning lot as the principal yacht club use.

18.  Hauling boats out of the water to perform essential maintenance and repairs on the boats is an incidental activity to the primary use of the property for a yacht club/marina facility and is customarily done at yacht clubs.

19.  The haul out activities are conducted by KYC members for their benefit.

20.  KYC's haul out operations satisfy the LUO requirements for an accessory use.

21.  The Director's interpretation of accessory uses under the zoning regulations is entitled to deference.

In reviewing the ZBA's conclusions, the Circuit Court ruled in part:  "On the issue whether haul out operations *as a general concept* are an accessory use under the 1955 variance (since the operations were not part of the principal use described in the 1955 variance), the court sees no error.  A reasonable level of haul out operations are necessary for a yacht club, and therefore an implied accessory use."

We agree there was no error in the conclusion that KYC's haul-out operations as a general concept are an accessory use under the 1955 Variance, and that a reasonable level of haul-out operations are thus an implied accessory use under the 1955 Variance.  The ZBA's underlying legal conclusions are not wrong, and to the extent COL 14 presents mixed issues of fact and law, Green has not shown that the ZBA's conclusion (or the Director's underlying conclusion) was clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record.

(3)  Green contends that the Circuit Court erred in concluding that the 1955 Variance permitted "a reasonable level of haul out operations."  Green does not present a discernible argument supporting this contention, and it is therefore deemed waived.  See Hawaiʻi Rules of Appellate Procedure Rule 28(b)(7).  Instead, Green pivots to an argument that the Director violated the Revised Charter of Honolulu, the LUO, various environmental statutes, and Article XI, Sections 1 and 9 of the Hawaiʻi

7

Constitution by failing to enforce their provisions to remedy alleged environmental harms caused by KYC's haul-out activities.

In Green's request for a declaratory ruling, he raised relatively narrow legal issues based on specific provisions of the CZC and the LUO. The Director resolved these issues in rulings that were affirmed by the ZBA, the Circuit Court, and, now, this court. Green did not raise arguments based on the statutory and constitutional provisions he now relies on. His arguments based on these provisions are thus deemed waived for purposes of this appeal. See Alpha, Inc. v. Board of Water Supply, 153 Hawaiʻi 564, 579, 542 P.3d 1259, 1274 (App. 2023); Keep the N. Shore Country v. Bd. of Land & Nat. Res., 150 Hawaiʻi 486, 517, 506 P.3d 150, 181 (2022) (citing Waikiki Resort Hotel, Inc. v. City & Cnty. of Honolulu, 63 Haw. 222, 250, 624 P.2d 1353, 1372 (1981)).

For the reasons discussed above, the July 23, 2019 Final Judgment, entered by the Circuit Court of the First Circuit, is affirmed.

DATED: Honolulu, Hawaiʻi, May 30, 2024.


On the briefs:

| | |
|---|---|
| Linda M.B. Paul<br>for Defendant-Appellant. | /s/ Clyde J. Wadsworth<br>Presiding Judge |
| Gregory W. Kugle and<br>Joanna C. Zeigler<br>for Appellee-Appellee<br>Kaneohe Yacht Club<br>and | /s/ Sonja M.P. McCullen<br>Associate Judge |
| Brad Saito,<br>Deputy Corporation Counsel,<br>for Appellee-Appellee<br>Director of the Department of<br>Planning and Permitting, City<br>and County of Honolulu | /s/ Kimberly T. Guidry<br>Associate Judge |